LAW OFFICE
OF

# RANDALL B. TOLLEY

242 POPLAR AVENUE
MEMPHIS, TENESSEE 38103

e-mail:
tolleylaw@hotmail.com

PHONE (901) 526-1088                February 23, 2012                FACSIMILE (901) 525-3238

Mr. Jerry Kitchen
U. S. Attorney
167 N. Main Street, Suite 800
Memphis, Tennessee 38103

      RE:   **United States of America v. Monica Williams**
              **U.S. District Court No. 2:12-cr-20021**

Dear Mr. Kitchen:

     This discovery request letter is governed by <u>Kyles v. Whitley,</u> Ct. 1555 (1995), <u>United States v. Bagley,</u> 105 S. Ct. 3375 (1985), <u>Giglio v. United States,</u> 92 S. Ct. 763 (1972), <u>Brady v. Maryland,</u> 373 U.S. 83 (1963), Rule 14 of the Local Rules for the United States District Court for the Western District of Tennessee, and Rule 16 of the Federal Rules of Criminal Procedure. Each request herein is reasonable, necessary and intended, *inter alia,* to avoid litigation concerning discovery- related matters. While it is my hope that you will agree to open file discovery in exchange for the same from defense counsel, in the event that you are unwilling to do so, this formal request is being submitted in order to comply with the discovery deadlines we are presently operating under and the Rules of this Court.

     With this introduction in mind, let me list and, in some instances, explain what I am looking for. Please make inquiry, search and otherwise exercise the due diligence required by <u>Kyles,</u> *supra,* to find the following information and promptly notify me when you have obtained same.

     1. Please furnish a copy of any and all records listing, memorializing, cumulating, containing or otherwise reflecting any prior criminal history attributed to my client, **Ms. Williams**. <u>See</u> Fed. R. Crim. P. 16(a)(1)(B). This request includes all such records whether or not the government intends to use them as evidence. By "prior criminal history" records, I refer without limitation to convictions, sentences, confinements, disciplinary proceedings, transfers, parole violation, probation violation, warrants, wanted circulars, alerts, BOLO's, APB'S, telexes, airtels, arrests, bookings, detentions, stops, interrogations, interviews, confrontations or other encounters, of any nature or description, with any federal, state, local or foreign criminal justice system. This request specifically includes but is not limited to production of copies of any and all reports of arrest, booking, interview, processing or intake, such as United States Marshals Service "Personal History of Defendant," Drug Enforcement Administration "Personal History" form, or other like documents. This request specifically includes but is not limited to the arrest of **Ms. Williams** in connection with this case, and any records memorializing that event. To comply you must, among other things, consult the Federal Bureau of Investigation Criminal Intelligence Division and carefully check all criminal intelligence and criminal investigative information systems. You should

1

carefully access all criminal history databases, such as NCIC, FCIC, NADDIS, ALETS, NLETS, ATS, EPIC and TECS. The records furnished should include the proceeds of this search and, of course, a complete and current copy of any Federal Bureau of Investigation "rap sheet" pertaining to my client.

2. Please also permit me to inspect, copy and photograph and also furnish me copies of any and all books, papers, documents, photographs and other records (and copies or portions thereof) in the possession of the government and that were seized during any search conducted in connection with this case. Also, please permit me to inspect and photograph any and all tangible objects, things, building, or places, which are intended for use, directly or indirectly, by the government as evidence at the trial of this case. See Fed. R. Crim. P. 16(a)(1)(C). In this context, the word "use" includes any record which the government or any witness for the prosecution may rely upon, refer to, mark or identify as well as any record which may actually be offered into evidence as an exhibit. In short, I am seeking discovery of documents, tangible objects and places which will be relied upon or referred to during the government's case (but not otherwise used as evidence) given that pretrial inspection of them would tend to avoid the dangers of undue delay and prejudice during the trial, unjustifiable expense at that time, unfair surprise or other prejudice to my client or to the administration of justice.

3. Please also permit me to inspect, copy and photograph and also furnish me with copies of any and all books, papers, document, photographs and other records (and copies and portions thereof), and please permit me to inspect and photograph any and all tangible objects, things, building, or places, which are in any way material to the preparation of a defense. See Fed. R. Crim. P. 16(a)(I)(C); United States v. Agurs, 427 U.S. 97 (1976). This request, of course, includes all such items whether or not the government intends to use them as evidence. Compare Fed. R. Crim. P(a)(1)(C) (first prong of this subdivision) with Fed. R. Crim. P. 16(a)(1)(C) (second prong of this subdivision). This request specifically includes but is not limited to discovery of any charts, summaries, calculations or similar evidence. This request also specifically includes but is not limited to disclosure of any information which arguably is favorable to the accused on any issues affecting guilt or punishment, is directly or indirectly exculpatory of the accused, or is discrediting to any of the prosecution's witnesses, its other evidence, or the law enforcement officers involved in the investigation. See Kyles v. Whitley, 115 S. Ct. 1555 (1995); United States v. Bagley, 105 S. Ct. 3375 (1985) . Thus, this request specifically includes but is not limited to disclosure of information having any tendency to prove that any of the accusing witnesses/information was capable of carrying on the claimed criminality without the help of my client, had sources of controlled substances not involving my client, or did engage in any other such criminality on any occasion without the participation of my client. This request further includes all information about the criminal histories of the witnesses/informants you intend to call, or whom law enforcement relied on for the application of search warrants in this case, prior or subsequent bad acts committed by these witnesses/informants, false or inconsistent statements they have made, consideration asked for by, promised to or given to them, histories of drug or alcohol abuse by them, other signs of their physical, mental or emotional impairment at any time and any evidence of their bias, motive interest or corruption in favor of the government against the defense, our respective clients, or any of their co-defendants. In other words, if you or the law enforcement agencies involved in this case have

any information about government witnesses that the defense may use in any effort to contradict, impeach or discredit these witnesses, it must be disclosed.

4.  Please permit me to inspect, copy and photograph and also furnish me with copies of any and all books, papers, documents, photographs and other records (and copies or portions thereof), and please permit me to inspect and photograph any and all tangible objects, things, buildings, or places, which were obtained, directly or indirectly, from my client. See Fed. R. Crim. P. 16(a)(1)(C). This request includes all such items whether or not the government intends to use them as evidence.

5.  Please permit me to inspect, copy and photograph and also furnish me with copies of any and all books, papers, document, photographs and other records (and copies or portions thereof), and please permit us to inspect and photograph any and all tangible objects, things, building, or places, which arguably belonged to my client at any time. See Fed. R. Crim. P. 16(a)(1)(C). This request includes all such items whether or not the government intends to use them as evidence.  This request specifically includes but is not limited to real property and personal property, tangible property and intangible property, of any nature or description, which you believe or contend my client owned or possessed any interest in.

6.  Please produce any and all results or reports, of any nature or description, of any physical or mental examinations and/or of any scientific tests or experiments, of any kind (and copies or portions thereof) which are intended for use, directly or indirectly, by the government as evidence at trial. See Fed. R. Crim. P. 16(a)(1)(D).  The term "use" is employed broadly, as explained at length, *supra*, to include results and reports that are relied upon or referred to in any way even though not offered as exhibits.  The present request specifically includes but is not limited to production of all results or reports, whether or not the examination, test or experiment was made in connection with the particular case we are presently litigating.  Compare Fed. R. Crim. P. 16(A)(1)(D) (describing results and reports subject to disclosure by the government) with Fed R. Crim. 16(b)(1)(B) (narrowly defining results and reports subject to disclosure by the defendant).  Thus, this request includes, for example, results or reports, which were generated before this case was filed.  It includes results or reports related to or connected with searches, seizures, arrests or other events: (A) involving the witnesses and/or informants who will be called by the government; or (B) claimed to be a part of the alleged conspiracy; or (C) claimed to be a part of any of the alleged conspiracies; (D) claimed to be a part of any other crimes, wrongs or acts that the government intends to offer as evidence pursuant to Fed. R. Evid. 404(b) or otherwise.  By "results" or "reports" I refer to any information that flows from the examination, test or experiment, or is otherwise necessary to understand the background, design methodology, procedure or conclusion, specifically including but not limited to any Drug Enforcement Administration "Report of Drug Property Collected, Purchased or Seized," and all related field-test notes, laboratory notes and laboratory worksheets,  It also includes any heat source test(s) performed by law enforcement through the use of thermal imagery.

7.  Please produce any and all results or reports, of any nature or description. Of any physical or mental examinations, and /or of any scientific tests or experiments, of any kind (an copies or portions thereof) which are in any way material to the preparation of a defense. See Fed. R. Crim. P. 16(a)(1)(D).  This request includes everything covered in paragraph number 6 above.  In addition, this request specifically includes but is not limited to production of all such results or reports which were made, prepared, signed, initialed, adopted, approved or used by any witness the government intends to call at any hearing or at the trial of this case, whether in its case in chief, on rebuttal, or

otherwise, so long as the result or report relates to that witness' testimony. *Compare* Fed. R. Crim. P. 16(a)(1)(D) (the prong of paragraph D of this subdivision describing the government's duty to disclose information material to the preparation of a defense without including the "evidence in chief" language attached to the other prong of paragraph D of this subdivision) with Fed. R. Crim. P. 16(b)(1)(B) (similarly defining one prong of the defendant's corresponding duty of reciprocal discovery to include results and reports "prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony."). By referring in this request and in request number 6 above to "physical or mental examinations" and "scientific tests or experiments" and by referring in requests 2 and 3 above to records and things which the government intends to use, directly or indirectly, as evidence or which are in any way material to the preparation of a defense, I am invoking the fullest possible pretrial discovery of all matters scientific, medical, expert, complex, difficult, recondite or arcane so that I can be prepared properly for trial and any related pretrial hearings. Thus, my request specifically includes but is not limited to disclosure of any and all drug identification procedures attempted; handwriting, fingerprint, palm print, footprint, voice, smell, body substance (e.g., hair, skin flake, blood, urine, other fluids, secretion, excretion or particle), or other personal identification procedures attempted, including but not limited to physical, photographic, chemical, medical, genetic, atomic or electronic procedures; eyewitness identification procedures attempted; and financial analysis conducted.

8. Please disclose in substance the testimony of any expert of and kind, which the Government intends to call as a witness at any hearing or at the trial of the case and disclose in full the facts, data or finding underlying any opinion or inference to be offered into evidence through such expert. <u>See</u> Fed. R. Crim. P. 16(a)(1)(E). This obviously includes any law enforcement officers who are qualified as experts in any particular scientific area and who have, or will be relying on such expertise in connection with the investigation and/or prosecution of this case. If the expert witness has not prepared a report which discloses the substance of the intended testimony fully, fairly, accurately, and currently, then please have the witness promptly prepare such a resume summarizing his/her testimony and furnish it to me.

9. Please state the full name and current business address and telephone number of any expert, of any kind, which the government intends to cal as a witness at any hearing or at the trial of the case, and produce that most current curriculum vitae of the witness along with any applications submitted by or on behalf of the witness to the United States seeking employment or other work as an expert. <u>See</u> Fed. R. Crim. P.2; Fed. R. Crim. P. 7(f); Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 705.

10. Please list all prior testimony by any expert, of any kind, which the government intends to call as a witness at any hearing or at the trial of the case, specifically identifying the date(s) of the testimony, the name of the proceedings during which the testimony was given, the case number or other identifier of such proceeding, the name of the agency, body, court, tribunal, official or entity conducting the proceedings, the location at which the testimony was given, the name, business address and telephone number of any reporter or other person who made any official record of the testimony(by stenographic notation, sound recording or otherwise), and the location of any tapes or transcripts of the testimony.

11. With respect to any confidential informant used in connection with this case, please permit me to inspect, copy and photograph all records and any other information relating to the relationship between the confidential informant and governmental authorities of any jurisdiction, specifically

including but not limited to: (A) all demands, offers, counter-offers, promises, agreements, memoranda of understanding, claimed breaches of agreements, grievances and resolutions of claimed breaches or grievances; (B) statements of outstanding legal obligations, tax liens and/or civil judgments; (C) disclosures of probation or parole responsibilities, transfers of probation or parole supervision, probation or parole disputes, request for revocation of probation or parole, and dispositions of parole disputes and proceedings; (D) efforts to serve legal process or to enforce civil judgments; (E) child custody arrangements; and (F) claims made that the confidential informant has victimized others, requests made by anyone or by an estate for restitution, compensation or other payment as a result of such claims, and payments or other dispositions made with respect to such claims.

12.  With respect to any confidential informant, please permit me to inspect, copy and photograph all records and please disclose all information relating to or connected with any actions taken with regard to the informant, specifically including but not limited to; (A) assistance in providing for housing; (B) assistance in providing for transportation; (C) providing payments to meet living expenses; (D) assisting in obtaining employment; (E) providing services or other benefits to assist the witness in meeting his day-to-day obligations; or (F) giving consideration of any nature or description to or on behalf of the witness.

13.  Also, with respect to any confidential informant used in connection with this case, please furnish us a copy of any rules, regulations, directive, statements, of policy, statements of general applicability, agency opinions, staff manuals, standard operating procedures, and/or guidelines: (A) defining the manner in which confidential informants are recruited, compensated and otherwise controlled; (B) the manner in which benefits are provided; (C) the manner in which instructions and/or directives are given and expected to be carried out; (D) applicable laws the informant is generally expected to comply with; and (E) otherwise governing the administration and/or control of confidential informants.

Finally, I thank you for your patience in reading this long letter.  I ask that you please exercise due diligence in seeking out the above-referenced information in order to comply with my requests and your obligations.

Respectfully submitted,

s/Randall B. Tolley BPR #: 14679
Law Office of Randall B. Tolley
242 Poplar Avenue
Memphis, TN  38103
(901) 526-1088
tolleylaw@hotmail.com

## CERTIFICATE OF SERVICE

I, Randall B. Tolley, Esquire, hereby certify that a true and exact copy of the foregoing document has been served upon Jerry Kitchen, Attorney General via the court's electronic filing system on this 21st day of February 23, 2012.

s/Randall B. Tolley #14679